**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In Re:**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Debtors.**
**________________________/**

**Case No. 11-39825 LMI**
**Chapter 7**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Plaintiffs,**

**Adv. Case No. ______________**

**vs.**

**Edmunodo Gugliotta,**
**Defendant.**
**________________________/**

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT**

**COME NOW THE PLAINTIFFS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS,** by and through the undersigned attorney, and file this Complaint to Determine Dischargeability of Debt under 11 U.S.C. Section 523 against Defendant Edmundo Gugliotta, and allege:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. 1334, 28 U.S.C. 157(b)(2)(I) and 11 U.S.C. Section 523 because this is a proceeding to determine the dischargeability of a specific debt.

2. Venue is properly with this Court pursuant to 28 U.S.C. 1409(a).

**Parties**

3. Debtors Leslie Howard Roberts, Jr. and Silvia Castro Roberts, hereafter referred to as Debtors, are residents of the State of Florida and are subject to the jurisdiction of this Court because they filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code on October 27, 2011.

4. Defendant Edmundo Gugliotta, hereafter referred to as Defendant, is a resident of the State of Florida and is subject to the jurisdiction of this Court.

5. Defendant may be served pursuant to Bankruptcy Rule 7004(b)(1) by mailing a copy of the Summons and Complaint to 2100 Ponce De Leon Boulvedard, Suite 1175, Miami, Florida 33134.

**Basis of the Debt**

6. Unbeknownst to Debtors when they filed their bankruptcy petition, Defendant held a disputed, contingent, unsecured claim against Debtors for art that Defendant purchased from Debtors between May 15, 2010 and August 2011 and that Defendant now claims were forgeries.

7. On June 19, 2012, Defendant filed a Complaint for Money Damages arising from the sale of the purportedly forged artwork and named Debtors as co-defendants. The Complaint was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and bears the case number 12-23550 CA(42).

8. The Complaint for Money Damages set forth seven separate counts: Count I for True Bill of Discovery, Count II for Reservation for Claims Arising Under Florida's Civil Remedies for Criminal Practices Statutes, Count III for Unfair and Deceptive Trade Practices, Count IV for Breach of Contract, Count V for Breach of Implied Warranty of Fitness and Merchantability, Count VI for Fraud, and Count VII for Injunction.

9. The Judge presiding over the case in the State Court entered an order dismissing five of the seven counts, specifically, the count for True Bill of Discovery, the count for the Reservation for Claims Arising Under Florida's Civil Remedies for Criminal Practices Statutes, the count for Unfair and Deceptive Trade Practices, the count for Fraud, and the count for Injunction.

10. The only two counts that were not dismissed by the State Court were the counts for Breach of Contract and for Breach of Implied Warranty of Fitness and Merchantability.

11. Defendant subsequently filed an amended complaint with only four counts: Count I for Unfair and Deceptive Trade Practices, Count II for Breach of Contract, Count III for Breach of Implied Warranty of Fitness and Merchantability, and Count IV for Fraud.

12. The Judge presiding over the case in the State Court entered another order once again dismissing the count for Fraud and only allowed the count for Unfair and Deceptive Trade Practices, the count for Breach of Contract, and the count for Breach of Implied Warranty of Fitness and Merchantability.

13. Defendant then filed a second amended complaint that is substantially similar in all respects to the first amended complaint, particularly with respect to the count for Fraud.

**Basis to Subject the Claim to Discharge**

14. Defendant's purported cause of action accrued between May 15, 2010 and August 2011 which was a time prior to the filing of Debtors' bankruptcy petition.

15. Contrary to the allegations set forth in Defendant's complaint and amended complaints, at no time did Debtors engage in conduct or otherwise incur the debt as a result of fraud, misrepresentation, or any other type of misconduct that would render the claim to be nondischargeable or that would establish the basis to except the disputed claim from discharge.

16. The unsubstantiated allegations of fraud on the part of Debtors have been repeatedly dismissed in the State Court proceeding. The only claims that have been able to withstand motions to dismiss were Defendant's claims for breach of contract and for breach of implied warranty of fitness and merchantability.

17. Any claim that may entitle Defendant to an award of damages resulting from a breach of contract and for a breach of an implied warranty of fitness and merchantability would be an unsecured, nonpriority claim.

19. Any claim that may entitle Defendant to an award of damages resulting from a breach of contract and for a breach of an implied warranty of fitness and merchantability would be a claim that is subject to discharge.

**WHEREFORE, PLAINTIFFS LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS** respectfully request that this Honorable Court enter an order adjudicating that:

(a) the obligation of Debtors to pay any damages to Defendant was and is a dischargeable debt pursuant to 11 U.S.C. 727;

(b) the underlying bankruptcy action was a no asset case;

(c) as a no asset case, the Clerk of the Court was not obliged to issue a notice to creditors to submit a proof of claim and in fact it did not do so;

(d) as a result of the Clerk of the Court not having issued notice to creditors to submit a proof of claim, Defendant was not prejudiced by the failure of Debtors to schedule the contingent disputed claim of Defendant in their filing;

(e) Defendant herein has not been deprived of its right to assert a claim against Debtors in the underlying bankruptcy action because there were no assets administered as part of the bankruptcy estate; and

(f) as a result, by operation of law, the claim of Defendant was in fact discharged on June 6, 2012 when the discharge was entered, notwithstanding that Defendant and its claim had not been listed in the schedules filed by Debtors in the underlying bankruptcy action.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 19, 2013, a copy of the foregoing was delivered to Dirk Lorenzen, Esq. by email to eservice.lorenzenlaw and by U.S. Mail to 150 Alhambra Circle, Suite 1220, Coral Gables, Florida 33134, by CM/ECF delivery to Drew M. Dillworth, Trustee, ddillworth@swmwascom, and in accordance with F.R.B.P. 7004(b)(1) to Defendant Edmundo Gugliotta, 2100 Ponce De Leon Boulevard, Suite 1175, Coral Gables, Florida 33134.

Submitted by: /s/ Mark S. Steinberg

Signature

Mark S. Steinberg, Esq.
Florida Bar No. 883913
Attorney for Debtors
9400 South Dadeland Boulevard
Penthouse Five
Miami, Florida 33156
Telephone: (305) 671-0015
Primary email: mss@steinberglawoffices.com
Secondary email: mss25@juno.com