UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:
Leslie Howard Roberts, Jr.,
Silvia Castro Roberts,
Debtors.
_____________________/

Case No.: 11-39825 LMI
Chapter 7

Leslie Howard Roberts, Jr.,
Silvia Castro Roberts,
Plaintiffs,

Adv. Case No. 13-01140 LMI

v.

Edmundo Gugliotta,
Defendant.
_____________________/

**ANSWER TO ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**AND**
**COUNTERCLAIM TO DETERMINE DISCHARGEABILITY**

The Defendant in Adversary, Edmundo Gugliotta, ("Creditor") responds to the Adversary Complaint filed by Leslie Howard Roberts, Jr. and Silvia Castro Roberts and states:

1. Admit jurisdiction of this Court.

2. Admit venue is proper.

3. Admit residence, jurisdiction, and voluntary petition.

4. Admit.

5. Denied, but service is accepted and therefore the issue is moot.

6. Denied. The Debtors knew at all material times that they were selling forged art and that they misrepresented the art. They caused their company to issue certificates of authenticity that were false and fraudulent documents to accompany the art and the also forged certificates that purported to be issued by third parties. On information and belief, they contracted to have the forged art created. This information and belief is well grounded because Leslie Howard Roberts, Jr. had previously been sued for selling forged art and was enjoined in that proceeding. With respect to the allegation that there was just a "claim" that the art was a forgery, the fact is that the art was seized by the FBI under a warrant related to a criminal case against the Debtors after the FBI conclusively determined the art was forged.

7. Admitted.

8. Admitted. Contemporaneously discovery was served which the Debtors were ordered to answer. They failed to do so.

9. Admitted but misleading. Discovery was served which, if answered, would have allowed more definite pleading. The Debtors were ordered to answer, but they failed to obey.

10. Admitted but misleading. Discovery was served which, if answered , would have allowed more definite pleading. The Debtors were ordered to answer, but they failed to obey.

11.Admitted.

12.Admitted but misleading. Discovery was served which, if answered, would have allowed more definite pleading. The Debtors were ordered to answer, but they failed to obey.

13.Admit amending complaint. Assert that the issue that the Court addressed with respect to pleading fraud was remedied and therefore the fraud count was properly pled with the requisite particularity even though the Debtors continued to violate a Court order that they were to respond to the outstanding discovery.

14.Denied. Some of the fraudulent acts by Debtors occurred after the Debtor's bankruptcy petition was filed.

15.Denied. The Debtors sold forged art. The Debtors knowingly represented it to be genuine. The Debtors personally created false certificates of authenticity to the purpose of inducing reliance on their representations that the art was genuine. The Debtors personally forged certificates of authenticity that purported to come from third parties. The Debtors are believed to have commissioned the creation of the forgeries that they sold to Defendant and to others.

16.Denied. At the time this action was commenced, there was a pending claim for fraud in the State Court proceeding. Furthermore, the pleading with particularity requirement unique to pleading fraud was thwarted by the refusal of

the Debtors to comply with discovery requests despite a Court order requiring them to do so.

17.Denied. The Debtors committed the crime of Larceny by Fraud or Deception as defined by the Model Penal Code section 223.3; therefore the damages sustained are not dischargeable under 523(a)(4) of the Bankruptcy Code. The Debtors debt to the Defendant arises from money obtained by false pretenses, false representations, and actual fraud; therefore it is not dischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Debtors purported to be selling art on consignment as well as art that they owned themselves. As such , they were acting in a fiduciary capacity and in that capacity committed fraud and defalcations, further exempting them from dischargeable under 523(a)(4) of the Bankruptcy Code. It is contemplated that the debt will be converted into an order of restitution under title 18 of the United States Code and therefore will also be exempt from discharge under 523(a)(13) of the Bankruptcy Code.

18.There is no paragraph 18.

19.Denied. The Debtors committed the crime of Larceny by Fraud or Deception as defined by the Model Penal Code section 223.3; therefore the damages sustained are not dischargeable under 523(a)(4) of the Bankruptcy Code. The Debtors debt to the Defendant arises from money obtained by false pretenses, false representations, and actual fraud; therefore it is not dischargeable under

section 523(a)(2)(A) of the Bankruptcy Code. Debtors purported to be selling art on consignment as well as art that they owned themselves. As such , they were acting in a fiduciary capacity and in that capacity committed fraud and defalcations, further exempting them from dischargeable under 523(a)(4) of the Bankruptcy Code. It is contemplated that the debt will be converted into an order of restitution under title 18 of the United States Code and therefore will also be exempt from discharge under 523(a)(13) of the Bankruptcy Code.

WHEREFORE, the Debtors request for relief should be denied.

**COUNTERCLAIM TO DETERMINE DISCHARGEABILITY**

Creditor, Edmundo Gugliotta ("Creditor") counterclaims to determine dischargeability of the debts owed to him by the Debtors and states:

20. Bankruptcy Code section 523 (c ) requires a creditor to who a debt is owed to obtain a ruling that the debt is not dischargeable if the grounds for avoiding discharge is such as set forth in paragraphs 523(a)(2,)(4) (6) or (15). In this case, the Creditor asserts that subsections (2) and (4) are two of three grounds for exempting this obligation from discharge. Therefore, strictly complying with the statute, even though the Court order had directed the Debtors to file an adversary action to determine dischargeability, the Creditor interposes this counterclaim.

21. This is a core proceeding.

22. Creditor incorporates by reference the allegations in the Debtor's complaint set for on paragraphs 1,2 3 & 4 as if they are fully re-alleged herein.

23. Debtors are art dealers.

24. Creditor is an art collector.

25. Debtors sold creditor forged art.

26. Debtors represented the art they sold to Creditor was genuine and original Peter Max art (a pop artist).

27. Debtors' sale to Creditor of forged art was a knowing and deliberate act.

28. Debtors provided false certificates of authenticity they created to Creditor.

29. Debtors forged certificates of authenticity from third parties.

30. Creditor paid for the forged art believing it to be genuine and original Peter Max art.

31. Upon information and belief, the Debtors commissioned the creation of forged Peter Max art.

32. The Debtors have a history of creating forged art and of dealing dishonestly in the sale of art.

33. The Creditor has been damaged by his purchase of forged art.

34. The sale of art that is represented as being genuine and original Peter Max art that knowingly was forged art not created by Peter Max is a fraud.

35. Using false pretenses to get art collectors to part with their money by leading them to think that they are purchasing genuine Peter Max art when they are really buying forged art is Larceny by Trick.

36. Art dealers have fiduciary duties in connection with their sale of art.

37. In their bankruptcy paperwork, the Debtors represented that all the art in their gallery is on consignment and that there are signs posted that so advises the public. If this statement made in their bankruptcy schedules was to be true, then any sale of this art would be a sale in their fiduciary capacity; and the fact that the fraud and defalcation occurred while in their fiduciary capacity would be another basis for denying discharge.

38. Representatives of the FBI have seized the art as evidence in the criminal investigation of the Debtors.

39. The FBI has conclusively confirmed that the art was forged and is not genuine Peter Max art.

40. The Debtors never told the Creditor that they were selling art on consignment; and the Creditor, who were often in the gallery, never saw a sign stating that all the art was on consignment. To the contrary, the Debtors told the Creditor that they owned the art.

41. The Debtors have committed e the crime of Larceny by Fraud or Deception as defined by the Model Penal Code Section 223.3; therefore the damages sustained by Creditor are not dischargeable under 523(a)(4) of the Bankruptcy Code.

42. The Debtors debt to the Creditor arises from money obtained by false pretenses, false representations, and actual fraud ; therefore it is not dischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

43. Debtors purported to be selling art on consignment as well as art that they owned themselves. As such, they were acting in a fiduciary capacity and in that capacity committed fraud and defalcations, further exempting them from dischargeable under 523(a)(4) of the Bankruptcy Code.

44. It is contemplated that the debt will be converted into an order of restitution under title 18 of the United States Code and therefore will also be exempt from discharge under 523(a)(13) of the Bankruptcy Code.

45. The amount of the debt is not yet liquidated. The Creditor will be seeking relief from stay in order to liquidate the amount of the damages. The Creditor will also be seeking leave to send demand letters under Florida's civil remedies for criminal practices laws.

Wherefore, the Creditor respectfully asks this Court to deny discharge and grant such other and further relief as is just and proper.

Respectfully Submitted,

By ______________________

Dirk Lorenzen, Esq.
Florida Bar No. 821276
150 Alhambra Circle, Suite 1220
Coral Gables, Florida 33134
(305) 447-1203
(305) 447-1272 (facsimile)
Eservice.lorenzenlaw@gmail.com
dirk@lorenzenlaw.com

Certificate of Service

I certify that a copy of this document has been furnished by email and US mail to **Mark S. Steinberg, Esq..,** 9400 South Dadeland Blvd. Penthouse Five, Miami, FL 33156, mss@steinberglawoffices.com and mss25@juno.com, and Drew M. Dillworth, Trustee, ddilworth@swmwascom by email and CM/ECF, on this, on this 18 day of March 2013.

______________________

**Dirk Lorenzen, Esq.**