**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In Re:**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Debtors.**
**_______________________/**

**Case No. 11-39825 LMI**
**Chapter 7**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Plaintiffs,**

**Adv. Case No. 13-01140 LMI**

**vs.**

**Edmunodo Gugliotta,**
**Defendant.**
**_______________________/**

**MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COME NOW THE PLAINTIFFS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS,** by and through the undersigned attorney, and hereby file this Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment and state the following:

1. Summary Judgment is only appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Fed R. Civ. P. 56(a)*. The Court is to construe all facts and draw all reasonable inferences in favor of the nonmoving party. *Abel v. S. Shuttle Servs., Inc.*, 620 F.3d 1272, 1273 n.1 (11th Cir. 2010). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

2. A motion for summary judgment shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried. The statement shall be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. *Federal Local Rule 56.1(a)*.

3. The Defendant (hereafter referred to as the Creditor) failed to attach such a statement. Moreover when the attorneys for the parties met to confer on the preparation of the Joint Pretrial Stipulation, the only facts upon which the attorneys would stipulate are that this Court has jurisdiction over the subject matter and over the parties, that the Plaintiffs (hereafter referred to as the Debtors) are art dealers, and that the Creditor purchased art from the Debtors. The attorneys could not agree on any other facts. (*Joint Pretrial Stipulation ECF 12*).

4. To create a genuine issue of material fact, the nonmoving party must set forth specific facts and present affirmative evidence showing there is a genuine issue of material fact precluding summary judgment." *In re Horras*, 443 B.R. at 167 (*citing* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). A party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. *Fed. R. Civ. P. 56(c)(1)(A) and (B)* (emphasis added).

5. The Creditor's Motion for Summary Judgment states as a factual certainty that the Debtors are repeat perpetrators of fraud and cites to a Sixth Circuit Case that held that bankruptcy laws are designed to provide relief to the honest but unfortunate debtor, not the dishonest one. The Creditor asserts as a factual certainty that “These debtors clearly are not honest unfortunate debtors. They are dishonest ones. It is consistent with congressional intent to deny these dishonest debtors their discharge.” The Creditor also asserts as a factual certainty that the Debtors participated in the knowing sale of counterfeit and forged art to the Creditor and that they provided written and oral assurances to him.

6. The Creditor's Motion does not point to any specific portions of the record, other than the Creditor's own affidavit, to support these statements as facts as opposed to opinions. In the absence of any further evidence, these statements must be deemed as mere opinions of the Creditor in light of the Debtors' denials in their answer, their affirmative defenses, their statement of material facts, and their affidavits.

7. When an ***evidentiary*** hearing on this matter is conducted, this Court will be presented with actual evidence in support of the Debtors' affirmative defenses.

8. The Creditor's Motion for Summary Judgment goes on to say “This is not a close case. Not only did the debtors sell forged art, but they did so after having previously been sued for selling forged art and agreeing to injunction (sic) to prohibit them from doing so again. Furthermore one of this husband wife team of rip off artists was previously convicted on mail fraud and sentenced to a 15 year term of incarceration. In other words they did not learn. Prior criminal proceedings did not teach them not to commit fraud. A prior civil suit did not teach them not to commit fraud. Perhaps a denial of a discharge may begin to work the education that is needed.” (*Page 3 of Defendant's Motion for Summary Judgment as to Issure of Dischargeability ECF 13*).

9. The platitudes of the Creditor's attorney are inappropriate in the context of a Motion for Summary Judgment. The Creditor (or his attorney) argues facts that are not in evidence as though they are undisputed truths. Moreover, this Court was not created to teach the Debtors a lesson. This Court is vested with the duty to determine whether the Debtors incurred a debt to the Creditor for money that was obtained by false pretenses, a false representation, or actual fraud or for fraud or defalcation while acting in a fiduciary capacity. *11 U.S.C. 523(a)*. That determination cannot be made based upon the record thus far and will not be made once the evidence is presented.

**WHEREFORE, PLAINTIFFS LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS** respectfully request that this Court deny the Defendant's Motion for Summary Judgment and for any relief that this Court may deem to be just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 3, 2013 a copy of the Foregoing Memorandum of Law in Response to the Defendant's Motion for Summary Judgment was delivered to Dirk Lorenzen, Esq. by email to eservice.lorenzenlaw@gmail.com.

Submitted by: /s/ Mark S. Steinberg

Signature

Mark S. Steinberg, Esq.
Florida Bar No. 883913
Attorney for Debtors
9400 South Dadeland Boulevard
Penthouse Five
Miami, Florida 33156
Telephone: (305) 671-0015
Primary email: mss@steinberglawoffices.com
Secondary email: mss25@juno.com